IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 12-92-3 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| WILLIS WHEELER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Petitioner Willis Wheeler's Motion to Vacate and or Set Aside Conviction Pursuant to 28 U.S.C. § 2255 (Doc. 679) is denied for the reasons stated by the Government's Response (Doc. 683), which are incorporated by reference herein. An evidentiary hearing is unnecessary because the filings of record show that Petitioner is not entitled to relief.

In his § 2255 petition, Wheeler asserts that his trial counsel was ineffective for three reasons, two of which rely on "newly developed facts" from an alleged affidavit prepared by his co-defendant Richard Bush. *See generally* Petition; *see also* Ex. 1 to Petition (Doc. 679-1). Wheeler also maintains that the Bush affidavit exonerates Petitioner. *Id*. The Court will consider each of these allegations in turn.

Two of Petitioner's three ineffectiveness of counsel arguments are rooted in Petitioner's belief that counsel failed to argue that Petitioner's "mere presence" at a location or association with Mr. Bush was not sufficient to establish a "reasonable articulable suspicion," *see* Petition ECF banner pp. 14-18, or link Petitioner to criminal activity, *id*. at 24-29. Petitioner contends this is evident simply because Mr. Bush's document purportedly proves the opposite by stating that Mr. Bush "did not process drugs with Mr. Wheeler at his home," *id*. at 17, and how

"revealed by the affidavit of Richard Bush, Mr. Wheeler never participated in [Mr. Bush's] drug activities," id. at 29.  In order to prevail, Petitioner must show that trial counsel committed unprofessional errors and that, but for such errors, the result of the proceeding would have been different (i.e., prejudice).  United States v. Costello, 2021 WL 3868280, at *1 (3d Cir. Aug. 18, 2021).  He has proven neither.  Moreover, Petitioner rests his ineffective assistance of counsel claims on a "because my co-defendant said so" argument, which is conclusory at best and wholly unreliable.  Teagle v. DiGuglielmo, 336 F. App'x 209, 213 (3d Cir. 2009) (finding unreliable recantation testimony from co-defendants).

Significantly, the record reflects Petitioner's mere presence or association with individuals involved with drug trafficking argument was counsel's *central theme* when challenging the warrants, see Resp. 13-21; see also Mot. to Suppress (Doc. 54) at pp. 6-7, 9-11, and the Court rejected such arguments and denied Petitioner's motion at the October 29, 2014 suppression hearing, see Tr. (Doc. 205) at 35:3-7 ("There certainly was probable cause to believe at any given time Mr. Wheeler would have evidence of this crime on his person, in his car or in his residence, and I don't find the arguments that you set forth to be persuasive given the totality of the affidavit in question.").  As the government argues, an unsuccessful challenge does not constitute ineffective assistance of counsel.  See Resp. 16 (citing United States v. Walker, 2015 WL 4389939 at *8 (N.D. Fla. July 15, 2015)).

Petitioner's third ineffectiveness of counsel similarly fails.  Petitioner maintains counsel was ineffective in challenging the constitutionality of the protective sweep of Wheeler's apartment because the sweep was based on "stereotypical and general" information.  *See* Petition 18-24.  Again, Petitioner has failed to show that trial counsel committed unprofessional errors or how he has been prejudiced, Costello, 2021 WL 3868280, at *1, outside of conclusory

averments, *see* Reply (Doc. 694) at 12-13. Nonetheless, as the government highlights, the protective sweep was warranted while officers secured a search warrant and after believing that they heard someone moving around in the apartment, knowing multiple individuals were involved in the conspiracy, *see* Resp. 21-22, (citing Doc. 77 at 27-28). Courts have found similar circumstances withstand constitutional challenge. *See id*. (citing United States v. Taylor, 248 F.3d 506, 513-14 (6th Cir. 2001); United States v. Waldrop, 404 F.3d 365, 370 (5th Cir. 2005); United States v. Wormsley, 2016 WL 10672078, at *6 (W.D. Pa. Aug. 17, 2016)).

Lastly, for reasons to which the Court has alluded, Mr. Bush's purported affidavit is unreliable and not sufficient to establish that it is more likely than not that no reasonable juror would have convicted Petitioner in light of the "new" evidence. As the government correctly notes, Mr. Bush's post-conviction statement that Petitioner was not involved in the conspiracy is not newly discovered evidence. *See* Resp. 6-7 (collecting cases). And, for obvious reasons, Mr. Bush's statement is unreliable as it lacks any indication that it was made before an officer authorized to administer oaths, *see* Ex. 1 to Petition, and generally is disfavored to prove actual innocence standing alone, Resp. 8 (citing Herrera v. Collins, 506 U.S. 390, 417 (1993)). Petitioner fails to prove how Mr. Bush's purported affidavit establishes his innocence.

For these reasons, Wheeler's Motion (Doc. 679) is **DENIED**. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

April 15, 2024                                                                s/Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge

cc (via First-Class U.S. Mail):

Willis Wheeler
USMS 06636068
LEE
U.S. Penitentiary
Inmate Mail/Marcels
P.O. Box 305
Jonesville, VA 24263

cc (via ECF email notification):

All Counsel of Record